IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : : | |
| v. | : : | Criminal Action No. 22-37-RGA |
| DENNIS COOK, | : : | |
| Defendant. | : : | |

MEMORANDUM ORDER

Dennis Cook is charged with a violation of 18 U.S.C. § 922(g)(1). (D.I. 2). The statute prohibits a felon from possessing a firearm or ammunition. Cook is alleged to have possessed "FCNX 9 mm Luger ammunition" in November 2021.

He previously filed a motion to suppress (D.I. 30), and I had a hearing (D.I. 32). After the hearing, I denied the motion to suppress. (D.I. 33).

He has since filed a motion to dismiss the indictment. (D.I. 37). The argument is that the Second Amendment makes the statute unconstitutional, or unconstitutional as applied to him. Up until fairly recently, this would have been an obvious loser of an argument.[1] But not anymore. I agree with the Third Circuit's recent statement that an "as applied" challenge to a person prosecuted for being a felon in possession of a firearm is "non-frivolous." *United States v. Walters*, 2023 WL 7675488 at *4 (3d Cir. Nov. 15, 2023).

---

[1] The law in its current form dates from 1961. *See Range v. Attorney General United States of America*, 69 F.4th 96, 104 (3d Cir. 2023). In the relatively distant past, the constitutionality of § 922(g)(1) was periodically (and unsuccessfully) challenged as exceeding the power granted to Congress under the Commerce Clause. *See, e.g., United States v. Brownlee*, 454 F.3d 131, 149-50 (3d Cir. 2006); *United States v. Singletary*, 268 F.3d 196, 200-05 (3d Cir. 2001); *United States v. Gateward*, 84 F.3d 670, 672 (3d Cir. 1996).

Given the plethora of district court opinions addressing these issues in the last year, and the pendency of the issue before the Third Circuit, I expect there will be a controlling decision from the Court of Appeals before very long.[2] I doubt that I have anything to add to the conversation, and thus I am going to be brief.

Defendant was twenty years old in November 2021. (D.I. 38-1 at 8 of 18). He was then on probation with the State of Delaware. Despite his young age, he already had two felony convictions for crimes committed in October 2017, for which he was sentenced on April 26, 2018. The two crimes were Aggravated Menacing, a violation of 11 Del. C. § 602, and Possession of a Firearm During the Commission of a Felony, a violation of 11 Del. C. §1447. (D.I. 38-1 at 2, 7-8 of 18). The Plea Agreement identifies them as "violent felonies." (*Id.* at 7 of 18). Defendant received a three-year mandatory sentence of incarceration on the charge of Possession of a Firearm During the Commission of a Felony, and on Aggravated Menacing, he received a sentence of two years in custody suspended for probation. (*Id.* at 8 of 18). I am not clear when he was released from custody, but he was out by June 14, 2021, because that was when he began to serve a probationary sentence for two misdemeanor convictions—assault 3rd and menacing. (*Id.* at 17 of 18).

Various Supreme Court Justices have been clear (even if the clarity occurs in dicta) that its most recent cases do not impact prohibitions on felons possessing firearms. *See New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022).[3] These statements don't mean that

---

[2] There is also a case before the Supreme Court, *see United States v. Rahimi*, No. 22-915 (argued Nov. 7, 2023), that might further shed light on the analysis relevant to the issue.

[3] Justice Alito: 'Our holding decides nothing about who may lawfully possess a firearm." *Bruen*, 142 S. Ct. at 2157. Justice Kavanaugh (and the Chief Justice): "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id.* at 2162 (quoting Justice Scalia).

the Supreme Court cannot change course, but the important thing is that it has not done so to date.

The Third Circuit's decision in *Range v. Attorney General United States of America*, 69 F.4th 96 (3d Cir. 2023) (en banc) does not help Cook. Though the Court in *Range* held that § 922(g)(1) as applied to Range violated the Second Amendment, the Court went to considerable lengths to identify the circumstances there as an outlier.[4] Range had been convicted in 1995 of a non-violent misdemeanor (considered to be a felony for federal purposes due to the maximum sentence being five years imprisonment), served a probationary sentence, paid his financial obligations caused by the conviction, and otherwise lived without contact with the criminal justice system for more than twenty years. He then came to court so that he could purchase a long gun to go hunting or a shotgun for self-defense at home. His is a compelling story. The Court recognized it as such.[5]

Notwithstanding *Bruen* and *Range*, most district courts in the Third Circuit have rejected post-*Range* facial and as-applied challenges to § 922(g)(1) prosecutions. Those courts have found that there is a historical tradition that legislatures have disarmed those individuals thought to be dangerous or a threat to public safety if armed. *See, e.g., United States v. Cooper*, No. 23-4-GBW, slip op. at 12-14 (D. Del. Nov. 27, 2023); *United States v. Canales*, 2023 WL 8092078

---

[4] "Our decision today is a narrow one." *Range*, 69 F.3d at 106. "[T]he Government has not shown that our Republic has a longstanding history and tradition of depriving people like Range of their firearms." *Id.* While it is hard to tell what the limits of *Range* are, it is clear that Cook, a felon recently released from prison after convictions for two violent felonies, has only one similarity to Range—they are both part of "the people."

[5] Unlike Defendant in this case, and defendants in other criminal cases, Range filed a civil case to seek prospective relief. Thus, Range explained why he wanted a firearm. And the Court of Appeals considered his "proposed conduct." In many § 922(g)(1) prosecutions, there will not be any explanation for the (alleged) possession of the firearm. I do not think any evidence has been submitted as to why Cook possessed the ammunition he is accused of possessing.

at *6-10 (E.D. Pa. Nov. 20, 2023); *United States v. Spady*, 2023 WL 7706263 at *1 (E.D. Pa. Nov. 14, 2023) (citing twelve earlier Eastern District of Pennsylvania cases).

I conclude that Cook is one of "the people" protected by the Second Amendment. *See Range*, 69 F.4th at 101-03. But I also conclude that the nation has a historical tradition that permits disarming individuals with recent violent felony convictions. Cook is such an individual. Thus, I find that § 922(g)(1) as applied to Cook does not violate the Second Amendment. I do not find that the Second Amendment renders § 922(g)(1) facially unconstitutional.

The motion to dismiss (D.I. 37) is DENIED.

IT IS SO ORDERED this 5th day of December 2023.

/s/ Richard G. Andrews
United States District Judge